Petition for Review of an order of the Board of Immigration Appeals.

JIAN CHEN, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–1737–ag.

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

Wendy Tso, Law Office of Wendy Tso, P.C., New York, NY, for Petitioner.

Lisa T. Warwick, Assistant United States Attorney, for Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Milwaukee, WI, for Respondent.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, LEONARD B. SAND,* District Judge.

**SUMMARY ORDER**

Petitioner Jian Chen, a native and citizen of the People's Republic of China,

---

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

seeks review of a March 20, 2006, order of the Board of Immigration Appeals ("BIA"), summarily affirming the December 7, 2004, order of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa, denying petitioner's application for relief under the Convention Against Torture ("CAT"). *See In re Jian Chen,* No. A. 79 453 833 (B.I.A. Mar. 20, 2006), *aff'g* No. A. 79 453 833 (Immig. Ct. N.Y. City Dec. 7, 2004). We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

Where, as here, the BIA summarily affirms the IJ's decision, we review the decision of the IJ as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An applicant is entitled to CAT relief if he demonstrates "that it is more likely than not that he ... would be tortured" if removed. 8 C.F.R. §§ 208.16(c)(2), 208.17; *see Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004). Chen contends that he will be tortured on his return to China because he departed the country illegally. Chen has not submitted sufficient evidence to support his claim. Without "more particularized evidence" than he offers, we cannot conclude that Chen "is entitled to CAT protection based *solely* on the fact that [he] is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (emphasis in original).

Although we conclude that the record offers no support for Chen's petition, we express our concern with the superficial quality of representation provided by his counsel. Only two sentences in petitioner's brief attempt to apply the relevant legal standards to petitioner's claim. The vast majority of the brief simply recites the general standards that apply to CAT claims. Such a brief falls far below the standards identified in Federal Rule of Appellate Procedure 28 and Local Rule 28. Counsel is warned that continuing conduct of this nature could result in the initiation of disciplinary proceedings against her. *See* Fed. R.App. P. 46(b), (c).

Accordingly, the petition for review is DENIED.